SECURITIES AND EXCHANGE COMMISSION, Plaintiff,

v.

Anuradha D. SAAD, Richard P. Adelson, David J. Cammarata, Peter Torres, Robert McKie, Karin Gardner, and Kenneth Jugan, Defendants.

No. 05 Civ. 3308(JSR).

United States District Court, S.D. New York.

Aug. 26, 2005.

 

David Paul Stoelting, Mark K. Schoenfeld, Raymond Joseph Lohier, Jr., U.S. Attorney's Office, New York City, for Plaintiff.

Peggy M. Cross, Stich, Angell, Kreidler and Dodge P.A., Minneapolis, MN, Mark S. Arisohn, Goldman Gruder & Wood, Norwalk, CT, Michele C. Cerullo, Goodkind Labaton Rudoff & Sucharow LLP, Dana Suzanne Montone, Brown Rudnick Berlack Israels, LLP, New York City, for Defendants.

## *ORDER*

RAKOFF, District Judge.

Pursuant to its Orders dated August 19, 2005 and August 24, 2005, the Court has received *ex parte* affidavits from the Government (as intervenor) and from counsel for defendants Saad and Adelson addressing the Government's application to postpone the depositions of Iris Daniels and James Agnello until after the completion of the parallel criminal trial, *United States v. Saad,* 05 Cr. 325(JSR). (These affidavits will be filed under seal.) After carefully considering the affidavits, the Court hereby denies the Government's application and orders that the depositions of Daniels and Agnello be rescheduled for the near future.

The Court notes, however, that the respective affidavits make clear that the parties are, understandably, somewhat unclear as to the standards the Court is applying in these somewhat unusual circumstances. Therefore, without commenting further on the immediate application, the Court offers the following guidelines for any future such applications.

 As the parties are aware from the Court's prior rulings, the Court's starting point is that discovery and other proceedings in a civil action brought by the Securities and Exchange Commission ought to proceed in the normal course, notwithstanding the happenstance that some of the discovery also relates to a parallel criminal matter. At the outset, however, the Court made an exception for the depositions of the two remaining defendants who are contesting this case (and the criminal case) and the four cooperating co-defendants (who are likely to be testifying for the Government in the criminal case), because of the likelihood that, prior to the conclusion of the criminal case, all six of these persons would invoke the Fifth

Amendment privilege against self-incrimination and refuse to testify substantively in the instant case, thus rendering the taking of their depositions prior to the conclusion of criminal case of little substantive value. *See* Memorandum, 7/25/05.

In addition, the Court held out the possibility that there might be other witnesses whose depositions should not be conducted before the criminal trial. *See* Transcripts, 5/12/05 and 6/2/05. The Court contemplated that such situations would be rare; but it did not then, and will not now, attempt to define the universe of circumstances in which such a delay might be appropriate. It is easy to imagine, however, examples of situations that might possibly qualify, such as:

(1) Where there is a genuine reason to believe that a witness may be subject to harassment, intimidation, or obstruction.

(2) Where a witness's expected role in the criminal trial, rather than constituting part of the Government's case-in-chief, is to serve as rebuttal witness to what the Government has reason to believe may be a fabricated defense.

(3) Where a witness, while materially relevant to the criminal case, has only peripheral significance to the civil case.

█ If some such situation or its equivalent is present to some degree, the Court must then balance the potential harm caused by allowing the deposition to go forward against the disruption a delay would cause to the orderly and expeditious conduct of the civil case. In particular, it must ensure that the defendants are not materially prejudiced in their ability to defend the civil case.

The Court is hopeful that there will be no need for any further postponements of the depositions in the civil case. But if applications for such, and responses to such, are made in the future, they should be framed in terms of the balancing here outlined.

SO ORDERED.